UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
JUSTINA V.P.,

                             Plaintiff,               REPORT & RECOMMENDATION
                                              1:24-cv-03744-AT-GRJ
      v.

COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In December of 2021, Plaintiff Justina V.P.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications.  Plaintiff, represented by Pierre Pierre Law, P.C., Eddy Pierre Pierre, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

This case was referred to the undersigned for a report and recommendation on December 16, 2024.  Presently pending are the parties' requests for Judgment on the Pleadings pursuant to Rule 12 (c) of

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

the Federal Rules of Civil Procedure. For the following reasons, it is recommended that the Commissioner should be granted judgment on the pleadings and that this case should be dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on December 22, 2021, alleging disability beginning May 3, 2021. (T at 97, 269-77, 278-86).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on January 25, 2023, before ALJ Mark Solomon. (T at 53-78).  Plaintiff appeared with an attorney and testified with the assistance of a Spanish language interpreter. (T at 60-71). The ALJ also received testimony from Linda Vause, a vocational expert. (T at 71-76).

### B.    ALJ's Decision

On May 1, 2023, the ALJ issued a decision denying the applications for benefits. (T at 32-52).  The ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2026 (the date last insured) and had not engaged in substantial gainful activity since May 3, 2021 (the alleged onset date). (T at 40).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

The ALJ concluded that Plaintiff's lumbar spine degenerative disc disease and radiculopathy and history of angina were severe impairments as defined under the Act. (T at 40).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 43).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b) and 416.967 (b), with the following limitations: she can sit for six hours and stand/walk for six hours in an eight-hour workday; lift/carry twenty pounds occasionally and ten pounds frequently; occasionally climb, balance, stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to respiratory irritants. (T at 43).

The ALJ concluded that Plaintiff could not perform her past relevant work as a home health aide. (T at 46).

However, considering Plaintiff's age (49 on the alleged onset date), education (limited), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 46).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between May 3, 2021 (the alleged onset date) and May 1, 2023 (the date of the ALJ's decision). (T at 47).

On July 6, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 28-31).

### C.  Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on May 15, 2024. (Docket No. 1).  Plaintiff filed a brief requesting judgment on the pleadings on August 20, 2024. (Docket No. 9). The Commissioner interposed a brief in support of a request for judgment on the pleadings on October 17, 2024. (Docket No. 12).  On October 31, 2024, Plaintiff submitted a reply brief in further support of her request. (Docket No. 13).

## II.  APPLICABLE LAW

### A.  Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises four main arguments in support of her challenge to the ALJ's decision.  First, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence.  Second, she contends that the ALJ failed to adequately address the medical opinion evidence.  Third, Plaintiff asserts that the ALJ should have further developed the record regarding her mental impairments.  Fourth, Plaintiff challenges the ALJ's assessment of her subjective complaints.  The Court will address each argument in turn.

A.    RFC

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting SSR 96-8p). When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and decide based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

Here, as discussed above, the ALJ determined that Plaintiff retained the RFC to perform a reduced range of light work, as defined in 20 CFR 404.1567 (b) and 416.967 (b). (T at 43).

Plaintiff argues that the ALJ erred in determining that she could perform a range of light work without assessing her work-related abilities on a function-by-function basis.

Before determining a claimant's RFC based on exertional levels (sedentary, light, medium, heavy, or very heavy), the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a *function-by-function basis*." *Cichocki v. Astrue*,

729 F.3d 172, 176 (2d Cir. 2013) (emphasis added) (internal quotation marks omitted); *see also* 20 C.F.R. §§ 404.1545, 416.945.

The work-related functions include physical abilities (standing, sitting, walking, lifting, carrying, pushing, pulling), mental abilities (understanding, remembering, carrying out instructions, and responding to supervision), and other abilities that may be impacted by impairments (seeing, hearing, ability to tolerate environmental factors). *See* SSR 96-8P; *see also* 20 C.F.R. § 404.1545(b)-(d); id. § 416.945; *Cichocki*, 729 F.3d at 176.

The Second Circuit has not applied a per se rule requiring remand in cases where ALJ did not provide an "explicit" function-by-function analysis. *See Cichocki*, 729 F.3d at 176; *compare Burrows v. Barnhart*, No. 3:03CV342, 2007 WL 708627, at *13 (D. Conn. Feb. 20, 2007)("[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce [ ] a detailed statement in writing"), *with McMullen v. Astrue*, No. 5:05-cv-1484, 2008 WL 3884359, at *6 (N.D.N.Y. Aug. 18, 2008) (remanding because "the ALJ erred in determining that Plaintiff could do light work before fully assessing his work-related abilities on a function-by-function basis").

"[R]emand may be appropriate ... where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory

evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki*, 729 F.3d at 177.

Although the ALJ here did not provide an explicit function-by-function assessment, the Court concludes that a remand is not warranted. Here's why.

The ALJ's assessment of Plaintiff's physical capacity to meet the demands of basic work activity is supported by a reasonable reading of the record, which included consistent physical examination findings of normal gait, normal range of motion, and normal strength. (T at 44, 533, 622, 623, 630, 632, 736, 740, 747).

The ALJ's decision is also supported by medical opinion evidence. Dr. Silvia Aguiar performed a consultative examination in August of 2022. She diagnosed lower back pain and asthma. (T at 623-24).  Dr. Aguiar opined that Plaintiff should avoid respiratory irritants/allergens due to her asthma, but otherwise assessed no functional limitations. (T at 624).

Also in August of 2022, Dr. M. Vazquez Gonzalez, a non-examining State Agency review physician, concluded that Plaintiff could meet the physical demands of light work, except that she needed to avoid respiratory irritants and could only frequently climb ramps, stairs, ladders, ropes, and

scaffolds, and frequently balance, stoop, kneel, crouch, and crawl. (T at 109-112).

Although the ALJ's decision lacks an explicit function-by-function assessment of Plaintiff's RFC, courts in this Circuit have found that the absence of such an assessment does not warrant remand where, as here, the record demonstrates that the ALJ performed a thorough review and reached a decision supported by substantial evidence. *See O'Connell v. Kijakazi*, No. 18-CV-10546 (AEK), 2021 WL 4480464, at *9 (S.D.N.Y. Sept. 30, 2021)(citing *Cichocki v. Astrue*, 729 F.3d 172, 176-77 (2d Cir. 2013)).

B.    *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical

opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Sean Lager performed an examination in October of 2021. Although Plaintiff's counsel refers to Dr. Lager as a treating physician, the record instead shows that he performed an independent medical examination in connection with Plaintiff's claim for workers' compensation benefits. (T at 709). Dr. Lager diagnosed lumbar spine sprain/strain. (T at 712). He opined that Plaintiff could not lift more than 10 pounds and found "Moderate Partial Temporary Orthopedic Disability, 50%." (T at 713).

Two other physicians who examined Plaintiff in connection with her application for workers' compensation benefits, Dr. Anson Moise and Dr. Orsuville Cabatu, found her temporarily disabled under the standards applicable to such applications. (T at 558, 705).

The ALJ found the opinions from Dr. Lager, Dr. Moise, and Dr. Cabatu unpersuasive. (T at 45-46). For the following reasons the Court finds the ALJ's assessment supported by substantial evidence and consistent with applicable law.

First, as discussed above, the ALJ's conclusion that Plaintiff retained the RFC to perform a reduced range of light work was supported by a

reasonable reading of the record, which documented generally normal physical examination findings, and by other opinion evidence of record, including the assessments of Dr. Aguiar (a consultative examiner) and Dr. Gonzalez (a State Agency review physician).

Second, the standards for workers' compensation disability are different from those under the Social Security Act and, thus, opinions rendered in that context are generally afforded limited persuasive power. *See, e.g., Fortier v. Astrue*, 09 Civ. 993, 2010 WL 1506549 at \*24 (S.D.N.Y. Apr. 13, 2010) ("[F]indings of disability for workers' compensation purposes are of limited utility for disability purposes under the Social Security Act. Those findings are geared to the person's prior employment and allow findings of partial disability.")(quotations omitted)); *see also Lopez v. Berryhill,* No. 18 Civ. 12201, 448 F.Supp.3d 328, 2020 WL 1435032, at \*12 (S.D.N.Y. March 24, 2020); *Urbanak v. Berryhill*, No. 17 Civ. 5515, 2018 WL 3750513, at \*24 (S.D.N.Y. July 18, 2018); *Flanigan v. Colvin*, 21 F. Supp. 3d 285, 308 n.27 (S.D.N.Y. 2014) (collecting cases); *Hallaron v. Barnhart*, 362 F.3d 28, 31 n.2 (2d Cir. 2004).

Plaintiff offers an alternative reading of the record and a different weighing of the competing medical opinions.  Nonetheless, the ALJ's decision is supported by substantial evidence and must therefore be

sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.") (emphasis in original) (citation and internal quotation marks omitted).

### C.   Duty to Develop the Record

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted). This obligation applies even if the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326

F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

Plaintiff argues that the ALJ failed to adequately develop the record regarding her mental impairments.

The ALJ recognized Plaintiff's major depressive disorder and posttraumatic stress disorder as medically determinable impairments, but concluded that they did not, either singly or in combination, cause more than minimal limitation in her ability to meet the mental demands of basic work activity and were, therefore, non-severe impairments. (T at 41-42).

Plaintiff contends that the ALJ erred by failing to ask Dr. Ramon Ravelo, her treating psychiatrist, to provide an assessment of the functional limitations caused by her mental impairments.

Although courts in the Southern District of New York have consistently recognized that "an ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment" —*Gabrielsen v. Colvin,* No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases)— the ALJ's "obligation to assemble the claimant's medical records, although robust, 'is not unlimited.'" *Clarke v. Comm'r of Soc. Sec*., No. 19-CV-7213 (BCM), 2021 WL 2481909, at *13

(S.D.N.Y. June 16, 2021)(quoting *Myers ex rel. C.N. v. Astru*e, 993 F. Supp. 2d 156, 163 (N.D.N.Y. 2012)).

The Second Circuit has held that absence of a medical source statement from a treating physician does not require remand where "the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi v. Comm'r of Soc. Sec*., 521 F. App'x 29, 33–34 (2d Cir.2013); *see also, e.g., Pellam v. Astrue*, 508 F. App'x 87, 90–91 (2d Cir.2013); *Rosa v. Callahan*, 168 F.3d 72, 79 n. 5 (2d Cir.1999) ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information .... "(quoting *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir.1996)).

That is the case here. The record in this case contains sufficient evidence to support the ALJ's conclusion that Plaintiff's mental impairments caused no more than minimal limitation in her ability to meet the mental demands of basic work activity.

In July of 2021, Dr. Ravelo diagnosed Plaintiff with major depressive disorder, recurrent, moderate, but reported that Plaintiff denied any psychiatric symptoms. (T at 615-617).

Plaintiff was hospitalized for several days in early August of 2021 and was diagnosed with generalized anxiety disorder with panic attacks, major depressive disorder, recurrent and severe, with psychosis and post-traumatic stress disorder. (T at 724-36).  Her symptoms improved during her stay. (T at 728).

In September of 2021, Jeannette Guzman, a treating nurse practitioner, reported that Plaintiff had no symptoms of depression and demonstrated appropriate mood and affect. (T at 585).

In an evaluation performed in February of 2022, Michael Bolus, a nurse practitioner, described Plaintiff as sad, but calm and cooperative, with coherent thought processes and demonstrating attention and concentration within normal limits. (T at 764).

In March of 2022, Dr. Ravelo reported that Plaintiff denied any psychiatric problems or symptoms, including symptoms of depression and anxiety. (T at 615).  Her mental status examination was normal, including intact attention, appropriate affect, and normal memory. (T at 616).

In April of 2022, Dr. J. Penny, a non-examining State Agency review physician, opined that Plaintiff's mental impairments were non-severe. (T at 84-85, 93-94). Dr. T. Bruni, another State Agency review physician, affirmed Dr. Penny's conclusion in July of 2022. (T at 106-07, 123-24).

The ALJ carefully considered and thoroughly reviewed this evidence in explaining his conclusion that Plaintiff's mental impairments were non-severe. (T at 41-42).  The ALJ reasonably concluded that, aside from the brief period of hospitalization in August of 2021, the treatment records, which covered an extended period, evidenced generally unremarkable mental status examinations, with multiple instances in which Plaintiff denied psychiatric symptoms.

In addition, and in the alternative, the ALJ did attempt to supplement the record regarding Plaintiff's mental impairments.  During the administrative hearing, Plaintiff's then counsel[3] asked the ALJ to subpoena psychiatric treatment records from the Emma Bowen Clinic (but did not request that the ALJ request a functional assessment from Dr. Ravelo). (T at 57-58).

The ALJ agreed (T at 76-77) and issued a subpoena to the clinic. (T at 260).  The clinic did not respond to the subpoena or multiple follow-up telephone calls seeking the records. (T at 440-42).

For these reasons, the Court finds that the ALJ satisfied his duty to develop the record and reached an assessment regarding Plaintiff's mental impairments supported by substantial evidence. *See, e.g., Thomas v.*

---

[3] Plaintiff is represented by different counsel in this case.

*Barnhart*, No. 01 CIV. 518 (GEL), 2002 WL 31433606, at *5 (S.D.N.Y. Oct. 30, 2002)(finding that where no additional medical evidence was produced following subpoena, ALJ was entitled to "look to the record as it already stood"); *Maroulis v. Colvin*, No. 16CV02427 (DF), 2017 WL 7245388, at *29 n.44 (S.D.N.Y. Jan. 18, 2017); *Goulart v. Colvin*, No. 3:15-CV-1573(WIG), 2017 WL 253949, at *4 (D. Conn. Jan. 20, 2017); *Friedman v. Astrue*, No. 07 CIV. 3651(NRB), 2008 WL 3861211, at *8 (S.D.N.Y. Aug. 19, 2008).

    D.    *Subjective Complaints*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted).

Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the

credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.  This inquiry involves

seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: she attended school in the Dominican Republic through the eighth grade, has lived in the United States for 30 years, and can speak and understanding basic English, but cannot read or write in English. (T at 61). She lives with her adult daughter. (T at 63). She stopped working in May of 2021 following a work-related injury. (T at 61). She uses a brace and cane for support and cannot

perform any shopping or household chores. (T at 62-63). She can sit for about 10 minutes before needing to lie down due to pain. (T at 64-65). She could stand for about 3 hours but would need to alternate between sitting and standing. (T at 65-66). She is limited to lifting 10 pounds and has fine motor issues. (T at 66). Daily, she suffers from depression and anxiety, which interfere with her concentration and interpersonal interactions. (T at 67-69).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that Plaintiff's statements as to the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the record. (T at 44).

The ALJ's decision is supported by substantial evidence and consistent with applicable law.

As discussed above, the ALJ's determination that Plaintiff's mental impairments were non-severe and that she retained the RFC to perform a reduced range of light work was supported by a reasonable reading of the treatment record, which documented generally unremarkable clinical findings, and by medical opinion evidence, including an assessment from a

consultative examiner and multiple State Agency review physicians' opinions.

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

In addition, the ALJ appropriately considered evidence that Plaintiff engaged in an array of activities of daily living, including cooking, shopping, and using public transportation, albeit with some assistance and difficulty. (T at 42-44, 373-74).

While ALJs must not overinterpret a claimant's ability to perform limited activities of daily living, the regulations permit consideration of the claimant's "daily activities" when assessing credibility. *See* 20 C.F.R. § 404.1529(c)(3)(i). A claimant's "normal range of activities" may be cited as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539 (AT) (JLC), 2020 U.S. Dist.

LEXIS 80836, at *53 (S.D.N.Y. May 7, 2020)(citation omitted); *see also*

*Rutkowski v. Astrue*, 368 Fed. App'x 226, 230 (2d Cir. 2010)(affirming

ALJ's credibility determination based upon "evidence … that [claimant] was

relatively 'mobile and functional,' and that … allegations of disability

contradicted the broader evidence"); *Ashby v. Astrue*, No. 11 Civ. 02010,

2012 U.S. Dist. LEXIS 89135, at *43-44 (S.D.N.Y. Mar. 27, 2012)("As it

appears that, in making his credibility assessment, the ALJ appropriately

considered Plaintiff's ability to engage in certain daily activities as one

factor, among others suggested by the regulations, this Court finds no legal

error in this aspect of the ALJ's analysis.").

 While there is evidence that Plaintiff suffers from pain and limitation

the ALJ did not dismiss Plaintiff's subjective complaints and, instead, found

her limited to a reduced range of light work. (T at 43).

 Notably, however, "disability requires more than mere inability to work

without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983).

"Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

 Here, the ALJ offered specific support for the decision to discount

Plaintiff's subjective complaints, including a reasonable reading of the

treatment notes and clinical assessments, an appropriate reconciliation of

the medical opinion evidence, and proper consideration of the activities of

daily living.  This is sufficient to sustain the disability determination under the deferential standard of review applicable here.  *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling").[4]

## IV.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Commissioner should be granted judgment on the pleadings and this case should be dismissed.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See also* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and

---

[4] Plaintiff also argues that the hypothetical questions presented to the vocational expert during the administrative hearing did not include all her limitations. This argument is a restatement of Plaintiff's other challenges to the ALJ's decision and is unavailing for the reasons outlined above.  *See Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011)("Because we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject Wavercak's vocational expert challenge.").

responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the District Judge. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 30, 2024      *s / Gary R. Jones*
                      GARY R. JONES
                      United States Magistrate Judge